1

2

3

4

5                         UNITED STATES DISTRICT COURT

6                        NORTHERN DISTRICT OF CALIFORNIA

7

8    **BRADFIELD THOMPSON**,                     Case No.  16-cv-01677-YGR
                    Plaintiff,
9
           v.
10                                               **ORDER DENYING WITHOUT PREJUDICE EX**
                                                 **PARTE APPLICATION FOR TEMPORARY**
     **NATIONSTAR MORTGAGE LLC**,                **RESTRAINING ORDER**
11
                    Defendant.                   Re: Dkt. No. 1
12

13          *Pro se* plaintiff Bradfield Thompson filed this action on April 1, 2016 against defendant

14   Nationstar Mortgage LLC, asserting claims for: (1) violation of the Fair Debt Collection Practices

15   Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; (2) violation of the Fair Credit Reporting Act

16   ("FCRA"), 15 U.S.C. § 1681, *et seq.*; (3) violation of the Rosenthal Fair Debt Collection Practices

17   Act ("RFDCPA"), California Civil Code § 1788, *et seq.*; (4) negligence; (5) violation of the

18   Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code § 1785.1, *et seq.*;

19   (6) intentional infliction of emotional distress; (7) violation of the FDCPA, 15 U.S.C. § 1692i, by

20   attempting to use a non-judicial foreclosure to collect on a time barred debt; (8) declaratory

21   judgment/quiet title; (9) injunctive relief; (10) wrongful foreclosure; and (11) wrongful foreclosure

22   based on a void assignment.  (Dkt. No. 1 ("Complaint").)  Yesterday afternoon, the case was

23   reassigned to this Court with a recommendation from the previously assigned magistrate judge to

24   deny plaintiff's motion for leave to proceed *in forma pauperis*.  (Dkt. No. 7.)

25          Plaintiff is a resident of San Mateo, California, and is the purported sole owner of the

26   residential real property located at 56 Patrick Way, Half Moon Bay, California (the "Subject

27   Property"), to which this action relates.  (Complaint ¶¶ 1-2.)  The complaint seeks injunctive

28   relief, including "a temporary and preliminary injunction enjoining Defendant from transferring

United States District Court
Northern District of California

1    the Subject Property of [*sic*] or from taking any action to take Plaintiff's property from him during

2    the pendency of this action." (Complaint at 24.) According to the Notice of Trustee's Sale

3    attached to the complaint, a public auction for the Subject Property is set for tomorrow, April 7,

4    2016, at 1 p.m. (Complaint, Ex. A.) Although plaintiff has failed to file a separate application for

5    a temporary restraining order ("TRO") pursuant to Civil Local Rule 65-1,[1] the Court addresses this

6    request as such in light of the time sensitive nature of the circumstances at issue.[2]

7             Having carefully considered the papers submitted, the Court **DENIES WITHOUT**

8    **PREJUDICE** Thompson's request for a temporary restraining order for the reasons stated herein.

9    **I.    LEGAL STANDARD**

10           Requests for temporary restraining orders are governed by the same general standards that

11   govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.,*

12   434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg lnt'l Sales Co., Inc. v. John D. Brush & Co., Inc.,* 240

13   F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary and drastic

14   remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal

15   citations omitted). Whether seeking a temporary restraining order or a preliminary injunction, a

16   plaintiff must establish four factors: (1) that he is likely to succeed on the merits; (2) that he is

17   likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of

18   equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res.*

19   *Def. Council. Inc.,* 555 U.S. 7, 20 (2008). "Moreover, a district court should be wary of issuing an

20   injunction based solely upon allegations and conclusory affidavits submitted by plaintiff." *Atari*

21   *Games Corp. v. Nintendo of Am., Inc.*, 897 F.2d 1572, 1575 (Fed. Cir. 1990) (citing *Am. Passage*

22   *Media Corp. v. Cass Commc'ns, Inc.*, 750 F.2d 1470, 1471 (9th Cir. 1985)). In *Alliance for the*

23

24           [1] The Rule requires an *ex parte* motion for a temporary restraining order to be filed with
25   accompanying documentation including at least a copy of the complaint, a separate memorandum
     of points and authorities in support of the motion, and the proposed temporary restraining order.
26   Civ. L.R. 65-1.

27           [2] The Court notes that in filing any future motions for temporary restraining orders or
     preliminary injunctions, plaintiff must comply with all of the requirements of Civil Local Rule 65,
28   Federal Rule of Civil Procedure 65, and all other applicable rules.

United States District Court
Northern District of California

1     *Wild Rockies v. Cottrell*, the Ninth Circuit held that the "serious questions" sliding scale approach

2     survives *Winter*.  632 F.3d 1127, 1131-35 (9th Cir. 2011).  Thus, this Court may grant preliminary

3     injunctive relief if the moving party demonstrates that there are "serious questions" going to the

4     merits and a hardship balance that tips sharply toward the moving party, if the other two elements

5     of the *Winter* test are also met.  *Id.*at 1132.

6     **II.    DISCUSSION**

7             Plaintiff alleges defendant acquired the mortgage in question after it was in default and has

8     attempted to unlawfully foreclose on the Subject Property.  (Complaint ¶¶ 23-24.)  Around

9     February 21, 2016, plaintiff received a notice of trustee sale from defendant.  (*Id*. ¶ 20.)  Plaintiff

10    alleges that defendant "is attempting to collect a debt which was obtained in default solely for the

11    purposes of collecting on an alleged debt, which thereby making [*sic*] the Defendant a 'debt

12    collectors' [*sic*] as the term is defined . . . according to the FDCPA."  (*Id*. ¶ 20; *see also id*. ¶ 25

13    ("Defendant is NOT a creditor or a lender . . . [s]o, to say that the FDCPA does not apply because

14    Defendant is a lender or a creditor would be to apply the law incorrectly and grossly harm the

15    Plaintiff.").)  Plaintiff also alleges defendant "never provided any type of admissible evidence and

16    has failed to validate the alleged debt."  (*Id*. ¶ 22.)  The gravamen of plaintiff's conclusory

17    allegations appear to center around purported violations of the FDCPA, FCRA, RFDCPA, and

18    CCRAA, and a statute of limitations argument, while the remaining claims (for negligence,

19    declaratory judgment/quiet title, injunctive relief, and wrongful foreclosure) are apparently

20    premised entirely or in large part on those same purported violations.  As noted above, among

21    other relief requested, the complaint seeks "a temporary and preliminary injunction enjoining

22    Defendant from transferring the Subject Property of [*sic*] or from taking any action to take

23    Plaintiff's property from him during the pendency of this action."  (*Id*. at 24.)

24            The Court **DENIES** the request for a temporary restraining order **WITHOUT PREJUDICE**.

25    Plaintiff has failed to comply with the requirements of the applicable local and federal rules.  *See*

26    *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in

27    their favor, pro se litigants are bound by the rules of procedure.").

28            Civil Local Rule 65-1, which governs requests for temporary restraining orders, provides

*United States District Court*
*Northern District of California*

3

as follows:

> (a) **Documentation Required.**  An ex parte motion for a temporary restraining order must be accompanied by:
>
>> (1) A copy of the complaint;
>>
>> (2) A separate memorandum of points and authorities in support of the motion;
>>
>> (3) The proposed temporary restraining order; and
>>
>> (4) Such other documents in support of the motion which the party wishes the Court to consider.
>
> (b) **Notice to Opposition of Ex Parte Motion.**  Unless relieved by order of a Judge for good cause shown, on or before the day of an ex parte motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party.
>
> (c) **Form of Temporary Restraining Order.**  No temporary restraining order will be issued except with an order to show cause fixing the time for hearing a motion for a preliminary injunction, which shall be scheduled pursuant to Fed. R. Civ. P. 65(b). Proposed orders submitted under this Rule must provide a place for the Judge to fix the time within which the restraining order and all supporting pleadings and papers must be served upon the adverse party of any opposing papers.

The related Federal Rule of Civil Procedure 65 provides, in part, as follows:

> (b) TEMPORARY RESTRAINING ORDER.
>
>> (1) **Issuing Without Notice.**  The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>>
>>> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>>>
>>> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Here, plaintiff has failed to file a separate motion for a temporary restraining order, instead merely including the request in the prayer for relief of his complaint.  Furthermore, plaintiff failed to comply with the other requirements of the rule, including by attaching a separate memorandum of points and authorities in support of the motion, by submitting a proposed temporary restraining

United States District Court
Northern District of California

4

1    order, and by establishing he has provided appropriate *notice to the defendant*.

2          "The stringent restrictions imposed by [Rule 65] on the availability of ex parte temporary

3    restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court

4    action taken before reasonable notice and an opportunity to be heard has been granted both sides

5    of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*

6    *of Alameda Cty.*, 415 U.S. 423, 438-39 (1974).  The certification of service attached to the

7    complaint and dated April 1, 2016, only indicates that "a copy of this document *will* be served on

8    the parties in said action, by placing a true copy thereof in a sealed envelope with postage thereon

9    fully prepared [*sic*] in the United States."  (Dkt. No. 1 at 39 (emphasis supplied).)  Thus, the

10   certification only indicates that the complaint would be mailed at some unspecified future date.[3]

11   Defendant has not yet appeared in the case and may not have been served with the complaint.

12   Even if the complaint had been served, adequate notice of an imminently sought temporary

13   restraining order is lacking where a plaintiff merely serves a complaint including reference to a

14   TRO in the prayer for relief.  Finally, plaintiff has not filed a declaration establishing good cause

15   for his apparent failure to timely provide notice of the request.  In light of these procedural

16   failings, denial of the request is warranted.  *See Wofford v. Hamilton*, No. 13-CV-2467 SBA, 2013

17   WL 2456582, at *2 (N.D. Cal. June 6, 2013) (noting a *pro se* plaintiff's "failure to satisfy the

18   requirements for the issuance of an ex parte TRO, standing alone, warrant the denial of her ex

19   parte motion for TRO").

20         Moreover, beyond these threshold deficiencies, there is an alternative basis for denying the

21   request—namely, plaintiff has failed to meet his burden of demonstrating that a temporary

22   restraining order is warranted due to the state of the underlying complaint.  The allegations are

23   largely incomprehensible and conclusory and generally fail to comply with the requirements of

24   Federal Rule of Civil Procedure 8(a) and—to the extent certain allegations appear to sound in

25

26         ───────────────
              [3] A notice of lis pendens dated May 31, 2016 is attached to the complaint.  (Complaint at
27   32-33.)  While the (unsigned) "certificate of service" attached thereto indicates the notice of lis
     pendens was served on defendant by mail, the notice itself does not indicate that a temporary
28   restraining order was sought.  (*Id*. at 34.)

United States District Court
Northern District of California

5

United States District Court
Northern District of California

1    fraud—Federal Rule of Civil Procedure 9(b).[4]   Under such circumstances, it would be improper

2    for the Court to grant the relief sought even in the absence of the previously discussed procedural

3    deficiencies.  *See, e.g.*, *Bouyer v. IndyMac Fed. Bank*, No. 08-CV-05582 EDL, 2009 WL

4    1765668, at *2 (N.D. Cal. June 18, 2009) (denying motion for a TRO to stop a foreclosure auction

5    where plaintiffs failed to follow procedural rules and alleged "very few specific facts in their

6    complaint," instead presenting "conclusory allegations" that failed to satisfy Federal Rules of Civil

7    Procedure 8 and 9(b)); *Holcomb v. California Bd. of Psychology,* No. 15-CV-02154, 2015 WL

8    7430625, at *5 (E.D. Cal. Nov. 23, 2015) (denying motion for a TRO where the "Complaint and

9    Motion . . . provide vague, conclusory allegations, rather than specific facts or evidence" as to a

10   certain claim and fail to provide "sufficient information for the court to evaluate [plaintiff's]

11   remaining theories").

### III.   CONCLUSION

13          For the foregoing reasons, the Court **DENIES** the request **WITHOUT PREJUDICE** to plaintiff

14   re-filing the motion in conformance with all applicable rules, including without limitation those

15   relating to notice.

16          As noted above, a Report and Recommendation calling for denial of plaintiff's motion for

17   leave to proceed *in forma pauperis* remains pending.  To the extent the case proceeds beyond this

18   early stage, however, plaintiff may wish to seek assistance at the Court's Legal Help Center.  The

19   Legal Help Center may assist persons who do not have lawyers if they make an appointment.  The

20   Legal Help Center's phone number is (415) 782-8982 and its website is

---

[4] The complaint is rife with procedural and substantive deficiencies, including (among many others) a suggestion on the face of the complaint that the real party in interest may not be named.  Many of the critical allegations appear to relate to "unknown" Doe defendants.  (*See, e.g.*, Complaint ¶¶ 74 ("Defendant an unknown person is liable to the Plaintiff under the FCRA."), 76 ("As a result of Unknown Persons' request and receipt of consumer report [*sic*] under false pretenses or knowingly without a permissible purpose, Unknown Persons are liable to the plaintiff . . . .").).  Notably, the Notice of Trustee's Sale attached to the complaint lists Barrett Daffin Frappier Treder & Weiss, LLP as the trustee under the deed of trust "acting as a debt collector attempting to collect a debt."  (Dkt. No. 1 at 27-28.)  However, the complaint names only Nationstar Mortgage LLC as a defendant.  *See Duenas v. Freitas*, No. 13-CV-0836 SBA, 2013 WL 707033, at *3 (N.D. Cal. Feb. 26, 2013) ("Plaintiffs' likelihood of success is undermined by their failure to join Deutsche Bank, the real party in interest, as a defendant.").

1     http://cand.uscourts.gov/helpcentersf.

2           IT IS SO ORDERED.

3     Dated: April 6, 2016

4                                           _____

5                                      JEFFREY S. WHITE
                       UNITED STATES DISTRICT COURT JUDGE

6                                             FOR

7                                YVONNE GONZALEZ ROGERS
                      UNITED STATES DISTRICT COURT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7